*A. M. Swope, for appellant.*
*Brent & McMillan, for appellee.*

---

REUBEN ARD, ET AL., *v.* ELIZABETH BURTON, ET AL.

**Practice—Quieting Title.**
> Where no objection is made, in the circuit court, to the form of the
> action or to the misjoinder of actions, it is too late to make such objec-
> tions on appeal.

**Quieting Title.**
> Where appellees have shown both title and possession in them-
> selves, they are entitled to have such title and possession quieted.

APPEAL FROM GARRARD CIRCUIT COURT.

October 26, 1874.

OPINION BY JUDGE LINDSAY:

There is nothing in the record tending to show that any portion
of the lands covered by the patent to J. R. Burton was in the actual
possession of appellants, or their ancestor, or any one else, at the

time either of the entry or survey, or at the time the patent was issued. We cannot, therefore, hold said patent to be void. It is manifest that no part of the land claimed by appellees is embraced by the patent to Coburn Crutchfield, of date of February 17, 1837. To make said patent cover such land, or any portion of it, it is necessary to include within its boundaries 535 instead of 200 acres, and the last line will have to be extended 378 poles beyond the calls of the survey. It is not to be presumed that any such mistakes as these could have been made by the surveyor who made the survey upon which said patent was issued. Appellees did not, in the circuit court, object to the form of the action, nor to the improper joinder of the several causes of action. It is too late to raise these questions in this court. While it is not generally necessary in actions for the recovery of realty, that the defendant shall manifest his title, still, in this action, as the patent under which appellees claim covers the land in controversy, it was necessary that appellants should show a superior outstanding title; otherwise appellees were entitled to relief.

If this be treated as an action to quiet title, the cause of action is made out. It is not denied that the plaintiffs are the widow and heirs at law of James R. Burton, deceased; hence the legal title held by him under his patent from the commonwealth passed to them by the laws of descent. They aver that immediately after the patent was issued, J. R. Burton, the patentee, took possession of the land and that "They, as his widow and heirs, have been holding, occupying and claiming the same since his death, under his title." Appellants attempt to deny this essential allegation, as follows: "They deny that plaintiffs have been holding, occupying and claiming the same since said James R. Burton's death, under his or any other title." The effect of this plea is merely to deny that they have held under the title of James R. Burton, deceased, or under any title, and not to deny the specific and material allegation of possession. Again they state *arguendo* that they and those under whom they claim have had actual possession under the Crutchfield patent for more than thirty-odd years, and hence they say that "plaintiffs never have had possession of one inch of the land." This conclusion, which can scarcely be regarded as the averment of a fact, is made by appellants to depend upon the principal averment, that is, "that they and those under whom they claim had all the while actual possession under the Crutchfield patent." Now, as said patent does not cover any portion of the land, this affirmative

averment of a fact inconsistent with appellee's allegation of possession is not made out.

It follows, therefore, that appellants have failed to deny specifically the allegation of possession, and have failed to avoid by pleading and proving a fact inconsistent therewith. Hence appellees, having shown both possession and the legal title in themselves, are entitled to have their said possession and title quieted.

Judgment *affirmed*.

*R. M. & W. O. Bradley, for appellants.*
*T. Z. Froman, for appellees.*